No. 289

ERNST et v. KELLER

Ohio Appeals, 1st Dist., Clermont Co.

Decided Nov. 4, 1925

389. DECENT AND DISTRIBUTION—Property which came one fifth by inheritance and four fifths by quit claim deeds given by other heirs, passes under 8374 GC. as to the four fifths and under 8573 GC. as to the one fifth.

367. DEEDS—A warranty deed given by four heirs to a fifth passes only four fifths of property as by purchase.

HAMILTON, J.

This action was brought by George Keller, surviving husband of Mary Keller, to quiet title. The land in controversy was owned by Kate Ernst, who died intestate in August 1914. She also died seized of fifty-two acres which

came by devise from her husband. The land in controversy, however, came by purchase. She left surviving her, five children who all signed an agreement to abide by the wishes of their mother, which were that a daughter was to get forty-two acres (the land in controversy) and two of her sons the fifty-two acres.

In September the heirs gave a warranty deed, conveying to the two sons the fifty-two acres mentioned above and at the same time a warranty deed was drawn conveying the forty-two acres to the daughter. The two sons who received the fifty-two acres refused to sign because there was some argument as to the rents and profits. Later all the heirs waived their rights and all signed. The daughter, Mary Keller, married and has died intestate without issue.

All the heirs signed a quit claim deed except Charles and John Ernst, the two sons, to the husband relict. They claimed that they had an interest in the land and that Keller has only a life estate in one fifth of the land; it being agreed that four-fifths of the estate came by purchase.

Keller contended that by the original warranty deed given to his deceased wife, the land was changed from ancestral to land by purchase, and that by reason of their subscribing to the warranty deed they were estopped to set up their claim. The Clermont Common Pleas decided in favor of Keller and quieted title in him. The Ernst brothers prosecuted error and the Court of Appeals held·

1. Keller's first contention is not well taken, although the warranty deed described the whole tract, the subscribers to it could give only what they had, which was four-fifths of the estate, one fifth already being in the deceased wife by inheritance.

2. "It is a general rule that the heir shall not take by purchase when he may take the same estate in the land by descent." 1 Ohio 395.

3. As to the second contention, the rule is that when a grantor warrants an imperfect title any rights which accrues to the grantor by way of perfecting the title are vested in the grantee and he (the grantor) is estopped to set up the rights acquired.

4. This rule does not lie in the present case for the brothers never got any better title than they had at the time of the warranty.

5. Therefore the Ernst brothers are not estopped to set up their claim and they are tenants in common, subject to the life estate of Keller of one fifth of the realty in question.

6. For the above reasons the Clermont Common Pleas is reversed and the cause remanded, with instructions to dismiss the petition.

Judgment reversed.

Attorneys—H. L. Risinger and H. R. Gilmore, Eaton, for Ernst; Frank Davis, Batavia, for Keller.